## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARCUS ANDRADE, MICHAEL ANDRADE, JUSTIN BLOUNT, SEAN COTTON, MICHAEL COURTNEY and BRIAN HART,** | : : : : : | **Civil Action Number:** |
| **Plaintiffs,** | : : | |
| **vs.** | : : | **Jury Trial Demanded** |
| **EMPIRE PARKING SERVICES, INC., and WILLIAM H. SCHMEELK, III,** | : : : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiffs Marcus Andrade, ("Marcus Andrade") Michael Andrade, ("Michael Andrade") Justin Blount, ("Blount") Sean Cotton, ("Cotton") Michael Courtney, ("Courtney") and Brian Hart, ("Hart") by and through the undersigned counsel, bring this Complaint against Defendants Empire Parking Services, Inc., ("Empire") and William H. Schmeelk, III and ("Schmeelk") and plead as follows:

## INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.)* (hereinafter "the FLSA") to recover (1) due but

unpaid minimum wages and additional like amounts as liquidated damages; (2) due but unpaid overtime and additional amounts as liquidated damages; and (3) to be reimbursed for their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Empire is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Marcus Andrade resides within Paulding County, Georgia.

5.

Empire employed Marcus Andrade as a Booting Technician in and around Atlanta, Georgia from January 2012 through October 2012.

6.

At all times relevant to this suit, Marcus Andrade has been an "employee" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about January 2012 through October 2012, Marcus Andrade has been "engaged in commerce" as an employee of Empire as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Michael Andrade resides within Fulton County, Georgia.

9.

Empire employed Michael Andrade as a Booting Technician in and around Atlanta, Georgia from October 2011 through November, 2012.

10.

At all times relevant to this suit, Michael Andrade has been an "employee" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

From on or about October 2011 through November, 2012, Michael Andrade has been "engaged in commerce" as an employee of Empire as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

Blount resides within Fulton County, Georgia.

13.

Empire employed Blount as a Booting Technician in and around Atlanta, Georgia from June 2009 through March 31, 2013.

14.

At all times relevant to this suit, Blount has been an "employee" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

15.

From on or about June 2009 through March 31, 2013, Blount has been "engaged in commerce" as an employee of Empire as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

Cotton resides within Cherokee County, Georgia.

17.

Empire employed Cotton as a Booting Technician in and around Atlanta, Georgia from August 2009 through September 2010.

18.

At all times relevant to this suit, Cotton has been an "employee" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

From on or about August 2009 through September 2010, Cotton has been "engaged in commerce" as an employee of Empire as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

Courtney resides within Paulding County, Georgia.

21.

Empire employed Courtney as a Booting Technician in and around Atlanta, Georgia from September 2009 through December 2011.

22.

At all times relevant to this suit, Courtney has been an "employee" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

23.

From on or about September 2009 through December 2011, Courtney has been "engaged in commerce" as an employee of Empire as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

Hart resides within Cobb County, Georgia.

25.

Empire employed Hart as a Booting Technician in and around Atlanta, Georgia from 2006 through December 2011.

26.

At all times relevant to this suit, Hart has been an "employee" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

27.

From on or about 2006 through December 2011, Hart has been "engaged in commerce" as an employee of Empire as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

28.

Empire is a corporation organized under the laws of the State of Georgia.

29.

At all times material hereto, Empire has been an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

30.

At all times material hereto, Empire was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

31.

During 2010, Empire had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

32.

During 2011, Empire had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

33.

During 2012, Empire had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

34.

During 2013, Empire had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

35.

During 2010, Empire had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

36.

During 2011, Empire had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

37.

During 2012, Empire had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

38.

During 2013, Empire had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

39.

During 2010, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

40.

During 2011, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

41.

During 2012, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

42.

During 2013, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

43.

At all times material hereto, Empire was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

44.

Empire is subject to the personal jurisdiction of this Court.

45.

Empire may be served with process through its registered agent, William H. Schmeelk, 1039 Grant Street, Atlanta, Georgia 30315.

46.

Schmeelk resides within Cobb County, Georgia.

47.

At all times material hereto, Schmeelk exercised operational control over the work activities of Plaintiffs.

48.

At all times material hereto, Schmeelk was involved in the day to day operation of Empire.

49.

At all times material hereto, Empire vested Schmeelk with supervisory authority over Plaintiffs.

50.

At all times material hereto, Schmeelk exercised supervisory authority over Plaintiffs.

51.

At all times material hereto, Schmeelk scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiff's working hours.

52.

At all times material hereto, Schmeelk exercised authority and supervision over Plaintiffs' compensation.

53.

At all times material hereto, Schmeelk has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

54.

Schmeelk is subject to the personal jurisdiction of this Court.

55.

Schmeelk may be served with process at his residence located at 1188 Indian Hills Parkway, Marietta, Georgia 30068.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

56.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

57.

At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

58.

At all times material hereto, Plaintiffs' sole form or remuneration for the work they performed for Defendants was the receipt of commissions from Defendants.

59.

At all times material hereto, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

60.

At all times material hereto, Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

61.

Plaintiffs are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiffs for their litigation costs, including their reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

### 64.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 65.

At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 66.

During their employment with Defendants, Plaintiffs regularly worked in excess of forty (40) hours each week.

### 67.

Defendants failed to pay Plaintiffs at one and one half times their regular rates for work in excess of forty (40) hours in any week from May 24, 2010 through May 28 2013.

68.

Defendants willfully failed to pay Plaintiffs at one and one half times their regular rates for work in excess of forty (40) hours in any week from May 24, 2010 through May 28, 2013.

69.

Plaintiffs are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully pray:

1.    That Plaintiffs' claims be tried before a jury;

2.   That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid minimum wage from on or about from May 24, 2010 through May 28 2013 due under the FLSA, plus additional like amounts in liquidated damages;

3.   That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

4.   That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees from Defendants; and

5.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFFS

- 17 -